# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 0:18-cv-61491-FAM

STRIKE 3 HOLDINGS, LLC, a limited liability
company,

       Plaintiff,

v.

JOHN DOE subscriber assigned IP address
104.5.241.158 an individual,

       Defendant.

_____/

## PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

### I.     INTRODUCTION

Plaintiff, Strike 3 Holdings, LLC ("Plaintiff") respectfully submits the following response to the Court's Order to Show Cause dated September 26, 2018.  Dkt. 9.  Plaintiff has not served Defendant because Plaintiff does not know Defendant's name or address.  Plaintiff submitted a Motion for Leave to Take Early Discovery [Dkt. 7] to learn this information but the Court summarily denied the motion.  Dkt. 8.  Contemporaneously with this Response, Plaintiff is filing a Motion for Reconsideration to the Court's Order.  Plaintiff respectfully requests the Court allow Plaintiff's case to proceed with its claim to protect its federal copyrights, that the Court grant Plaintiff the right to issue a subpoena to learn the identity of the John Doe Defendant and that the Court grant Plaintiff additional time to serve Defendant once his/her identity is revealed.

## II.   ARGUMENT

### A.   The Unique Nature of Online Infringement Makes it Impossible to Know the Defendant's Identity and Effectuate Service of Process Without Early Discovery

Plaintiff and its investigators detected Defendant's IP address distributing more than fifty of Plaintiff's copyrighted works over the course of nearly a year.  Dkt 1.  These infringements were committed using the BitTorrent protocol.  *See id.*  BitTorrent is a type of file-sharing platform that breaks large files–such as motion pictures–into smaller "pieces" and downloads those pieces from multiple peers and recombines them onto the downloaders hard drive into a playable format.  *See e.g.*, *Patrick Collins, Inc. v. John Does 1-28*, No. CV 12-13670, 2013 WL 359759, at *3 (E.D. Mich. Jan. 29, 2013) (discussing functionality of BitTorrent protocol).  This allows for party to quickly download and distribute these files.  *See id.*

BitTorrent is also unique because, unlike commercial digital distribution platforms such as iTunes or Amazon, no account is required by the BitTorrent user ("peer").  Hence, infringers remain anonymous. *See Plastic the Movie Ltd. v. Doe*, No. CV 15-21303, 2015 WL 12843759, at *1 (S.D. Fla. May 29, 2015) (finding good cause to issue early discovery because of the risk of despoliation of evidence of the infringer's identity and "the anonymous nature of the BitTorrent file-sharing protocol").  "Although the individual user does not display his or her name while using BitTorrent, an individual exposes the IP address he or she is using when downloading or sharing a file."  *Malibu Media LLC v. Doe*, No. CV 1:14-CV-0167, 2014 WL 575313, at *1 (M.D. Pa. Feb. 11, 2014).  Defendant's IP address is the only identifying information Plaintiff currently has. Thus "[t]he only means of identifying the alleged infringer is by obtaining the subscriber information connected to the IP address from the [Internet Service Provider ("ISP")]."  *Voltage Pictures, LLC v. Doe 4*, No. CV 6:13-688-ORL-31, 2013 WL 3422970, at *1 (M.D. Fla.

July 8, 2013).  No alternative means of identifying the subscriber are available to Strike 3.  *See* Dkt. 7, 9–10 (discussing necessity of the information sought in the subpoena as well as the lack alternative means of identifying Defendant).

Accordingly, Plaintiff filed its Complaint against the subscriber of the above-captioned IP address on July 2, 2018.  Dkt. 1.  Plaintiff then moved this Court for leave to take early discovery, *see generally* Dkt. 7, to uncover the identity subscriber, along with a proposed subpoena and proposed order that only requested the ISP return the name and address of the subscriber.  *See* Dkt. 7-5, 7-6.  On September 26, 2018 the Court summarily denied Plaintiff's Motion.  *See* Dkt. 8.

B.  There Exists Good Cause for an Extension Under Federal Rules of Civil Procedure 4(m)

"As Rule 4(m)'s plain language makes clear, the presence of 'good cause' for the failure to serve process on time renders mandatory a district court's extension of time to serve process." *LHF Prods., Inc. v. Does*, No. CV 3:16-274, 2016 WL 7422658, at *6 (E.D. Va. Dec. 22, 2016) (citation omitted); *see also Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).  The Rule states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period*.

Fed. R. Civ. P. 4(m) (emphasis supplied).  "At a minimum, 'good cause' means excusable neglect*." Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

Plaintiff's case is not like a normal civil lawsuit where the plaintiff knows the name and address of the defendant prior to filing its lawsuit.  Here, "Plaintiff cannot learn the subscriber's identity without the subpoenaed information, so cannot serve process on Defendant."  *Strike 3*

*Holdings, LLC v. Doe*, No. CV 3:17–1680 (CSH), 2017 WL 5001474, at *4 (D. Conn. Nov. 1, 2017); *see also Strike 3 Holdings, LLC, v. Doe*, No. CV 18-774 (DWF/DTS), 2018 WL 4210202 (D. Minn. Sept. 4, 2018).   "[T]his subpoena will allow Plaintiff to obtain the information necessary to serve Defendant with the Complaint in this action, thereby allowing Defendant to defend herself against Plaintiff's accusations. Under these circumstances, Plaintiff's subpoena is entirely proper."   *Strike 3 Holdings, LLC v. Doe*, No. 17-CV-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018).

Indeed, it is impossible for Plaintiff to effectuate service without Defendant's identifying information.   *See e.g.*, *Donkeyball Movie, LLC v. Does*, 810 F. Supp. 2d 20, 23 n.2 (D.D.C. 2011).   And, Plaintiff cannot obtain Defendant's identifying information without the applied-for subpoena.   Hence it is not possible for Plaintiff to serve an unknown defendant with a summons and complaint, and thus there is good cause for Plaintiff's failure to comply with Fed. R. Civ. P. 4(m).   However, if Plaintiff is granted leave of court to issue its subpoena, it will act swiftly and diligently to proceed with its case and effectuate service pursuant to the Fed. R. Civ. P. 4(m).

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court discharge Plaintiff's duty to show cause and not dismiss the present case for failure to serve the summons and complaint upon Defendant pursuant to the Federal Rules of Civil Procedure 4(m).   For the reasons set forth in the Motion to Reconsider, Plaintiff requests that the Court permit the service of a subpoena on the ISP so that the identity of the John Doe Defendant can be determined.

Plaintiff further requests the Court to grant additional time to serve the Defendant once he or she is identified.

**October 2, 2018**

Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

By:  /s/ *Joseph A. DeMaria*
      **Joseph A. DeMaria, Esq., B.C.S.**
      2 South Biscayne Boulevard
      One Biscayne Tower, Suite 2750
      Miami, FL 33131
      Tel.: (305) 442-6540
      jdemaria@foxrothschild.com